UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 92-2519

FELIX SHUSHANY, and SHEPARD BARTNOFF,

Plaintiffs-Appellants,

VERSUS

ALLWASTE, INC., and RAYMOND L. NELSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____
(May 21, 1993)

Before WIENER, BARKSDALE, and DeMOSS, Circuit Judges.

BARKSDALE, Circuit Judge:

In issue is the degree of particularity required by Fed. R. Civ. P. 9(b) to plead fraud, especially securities fraud. Felix Shushany and Shepard Bartnoff appeal the dismissal with prejudice, for failure to comply with the rule, of their consolidated action against Allwaste, Inc., and Raymond L. Nelson. We **AFFIRM.**

I.

Allwaste is a diversified environmental services company. One of its subsidiaries, Allwaste Asbestos Abatement, Inc. (AAA), provides asbestos abatement services. Nelson was chairman of Allwaste's board. (Allwaste and Nelson are referred to collectively as "Allwaste".) The complaint alleges that from its incorporation in 1986 through 1990, Allwaste engaged in an

ambitious acquisition program, almost totally through stock for stock transactions, and reported phenomenal growth and success, including in its asbestos abatement division; that in December 1990, however, an Allwaste press release announced its decision "to restructure its Asbestos Abatement Division to reduce costs and return the division to profitability pending its ultimate disposition"; and that, following this adverse disclosure, Allwaste common stock lost approximately 70 percent of its value.

In May 1991, seeking to represent a class of Allwaste shareholders, Shushany sued Allwaste under, *inter alia*, federal securities laws. He basically alleged that Allwaste had fraudulently maintained in its public financial reports and releases the appearance of continued financial growth, when in fact, its asbestos abatement division had been suffering since early 1989. In its answer, Allwaste asserted, *inter alia*, that the complaint failed to state fraud with particularity as required by Rule 9(b).

Additionally, Allwaste propounded contention interrogatories, seeking the factual bases of Shushany's claims. In response, Shushany essentially referred Allwaste to the complaint, without providing any further detail. Allwaste then moved to compel more complete answers, again asserting that the complaint did not satisfy Rule 9(b). After two extensions of time to respond to the motion, Shushany submitted amended responses to the interrogatories, which still lacked the specificity sought by Allwaste.

Because Shushany had not purchased Allwaste stock during the purported class period, he moved to amend the complaint to extend the period.  Prior to a ruling on that motion, however, Shushany's counsel filed another action for a different plaintiff, Bartnoff, stating the desired class period, and moved to consolidate the two cases.  (The plaintiffs are referred to collectively as "Shushany".)  Allwaste opposed both motions.

At a hearing on the motions in December 1991, the asserted Rule 9(b) deficiencies were discussed; and the court informed Shushany's counsel: "in a case like this the defendant company is entitled to know which of their documents you feel give you a claim and what you feel are wrong with them, right up front".  Shushany's counsel responded: "we believe that we can do that, we believe that we can get out the specific documents that we think misrepresentations were made, [sic] and we think from those documents we can set out our complaint within the requisites of 9(b)".  With Allwaste's agreement, the court granted the motion to consolidate, ordering the plaintiffs to "file their Consolidated Amended Complaint in accordance with Federal Rule 9(b)".

As Shushany concedes, the consolidated complaint, however, was virtually identical to the prior complaints.  Consequently, Allwaste moved to dismiss for failure to comply with Rule 9(b).  At the hearing in May 1992, Shushany referred to additional information regarding the fraud, which he had supposedly provided

in a second set of amended responses to interrogatories.[1]  Shushany did not, however, request leave to amend the complaint to include those details.    After extensive argument, the district court stated: "I do not believe that the Plaintiffs have cured the problem from their original complaint...."  And in its written opinion, it stated that the consolidated complaint was "virtually the same" as the prior complaint which "[the court] had previously found to be insufficient".[2]  Accordingly, it dismissed the action with prejudice.[3]

## II.

Shushany contends that the consolidated complaint complied with the rule.[4]  A dismissal for failure to state fraud with

---

[1]    To the contrary, our review of those amended responses reveals that many of the details Shushany referred to at the hearing were not contained in the responses.

[2]    In light of the district court's prior discussions on the asserted Rule 9(b) deficiencies, we are at a loss to understand Shushany's characterization of the district court's holding as "a judicial broadside".  As discussed, the motion to consolidate was agreed to by Allwaste and granted by the district court only upon the understanding that Shushany would make good on his promise to "set out [the] complaint within the requisites of 9(b)".

[3]    As to the dismissal being with prejudice, *see infra* note 11.

[4]    Shushany alternatively contends, as he did in district court, that Allwaste waived any Rule 9(b) objection by filing an answer to the original complaint and engaging in discovery.  We agree with the district court that this contention "borders on being frivolous".  From the time of its answer, which, as noted, included a Rule 9(b) objection, Allwaste repeatedly and consistently contended that the complaint failed to comply with the rule. Contrary to Shushany's contention, it is *not* the law in this circuit that "[t]he entire concept behind [Rule 9(b)]" is solely to enable the defendant to prepare a responsive pleading.  Furthermore, we see no reason to penalize a defendant who, rather than initiating time-consuming and costly motions to dismiss a deficient complaint, chooses to pursue the needed information through

particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim. *See **Guidry v. Bank of LaPlace** ("**Guidry II**")*, 954 F.2d 278, 281 (5th Cir. 1992); Fed. R. Civ. P. 12(b)(6). Accordingly, we review the dismissal *de novo*, and in so doing, "accept the complaint's well-pleaded factual allegations as true." ***Id.***

The consolidated complaint had four claims: (1) against both defendants for violations of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78(j)(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5; (2) against Nelson, as a "controlling person" of Allwaste, for violations of § 20(a) of the

---

discovery. It was only after this avenue of pursuit failed that Allwaste moved to dismiss.

Moreover, at the first hearing (December 1991) on the Rule 9(b) deficiencies, Shushany's counsel took a quite opposite position to the present assertion of waiver. When the court asked, "[h]ave you any serious complaint about the interrogatories [defendants] propounded that go to that [Rule 9(b)] area?", counsel stated:

> No, your Honor, our only objection is that we thought the complaint in itself was good enough to begin with, however, we can respond to the interrogatories as best we can, *and if things don't work out they can file their ... 9(b) motion*, which we have never seen before. It's always been this threat that's been hanging out there in the wings against us, but we've never seen it, we don't particularly know what they're talking about.

(Emphasis added.)

And, finally, the Rule 9(b) motion addressed the consolidated complaint, as to which no answer or discovery had been filed.

- 5 -

Act, 15 U.S.C. § 78t(a); and against both defendants for (3) fraud and deceit and (4) negligent misrepresentation.[5]

The elements of a securities fraud claim are "(1) a misstatement or an omission (2) of material fact (3) made with scienter (4) on which the plaintiff relied (5) that proximately caused his injury". *Cyrak v. Lemon*, 919 F.2d 320, 325 (5th Cir. 1990). A fact is considered material if "there is a substantial likelihood that a reasonable shareholder would consider it important ...". *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *see also* *Krim v. BancTexas Group, Inc.*, No. 92-1208, slip op. at 4137 (5th Cir. May 12, 1993). Scienter is the intent to deceive, manipulate, or defraud. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-94 (1976). The scienter element is satisfied by proof that the defendant acted with severe recklessness, which is "limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it". *Broad v.*

---

[5] We assume that the same Rule 9(b) concerns apply to the common law fraud claims as to the securities fraud claims. The complaint relies on the same allegations for them. In any event, Shushany made no attempt to distinguish the claims in his brief. *See* Fed. R. App. P. 28(a)(5); *Zeno v. Great Atlantic & Pacific Tea Co.*, 803 F.2d 178, 180-81 (5th Cir. 1986) (issues not briefed are waived).

Likewise, because Shushany does not contest in his appellate brief the district court's dismissal of his negligent misrepresentation claim, we do not address it.

*Rockwell Int'l Corp.*, 642 F.2d 929, 961-62 (5th Cir.) (*en banc*), *cert. denied*, 454 U.S. 965 (1981).

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". Thus, allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8. This standard "stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to a defendant's reputation". *Guidry II*, 954 F.2d at 288. Additionally, Rule 9(b) is designed "to preclude litigants from filing baseless complaints and then attempting to discover unknown wrongs". *Guidry v. Bank of LaPlace* ("*Guidry I*"), 740 F. Supp. 1208, 1216 (E.D. La. 1990), *aff'd as modified*, 954 F.2d 278 (5th Cir. 1992); *see also* *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (recognizing threefold purpose of Rule 9(b) for securities fraud claims -- to provide defendant with fair notice of claim, to safeguard defendant's reputation, and to protect defendant against the institution of strike suits).

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby". *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). "What constitutes `particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never

articulated the requirements of Rule 9(b) in great detail". ***Guidry II***, 954 F.2d at 288.

Shushany alleged three types of fraudulent statements contained in various Allwaste public documents and reports:[6] (1) that employees of various AAA divisions were instructed to engage in improper accounting practices, which resulted in an overstatement of earnings and income in Allwaste's financial reports; (2) that statements about increasing demand and opportunities for growth in the asbestos abatement industry were false; and (3) that a statement regarding the integrity and business ethics of Allwaste employees was false. We address each category separately.

A.

For the period November 22, 1989, through December 21, 1990, Shushany alleged that "[i]n the face of the worsening business environment for the asbestos abatement market", Allwaste "embarked on a plan and scheme to have Allwaste report inflated revenues and earnings". As examples, Shushany alleged the following:

> (a)  By no later than the Winter of 1989, the Defendants or Defendants' agents began a course and scheme designed to defraud investors by instructing employees to make arbitrary adjustments for the accounting of inventory of the asbestos operations in Houston, Texas;
>
> (b)  In January of 1990, the Defendants, or Defendants' agents, instructed employees, including Don Higginbotham, an employee of Defendant Allwaste, to increase bad debt reserves rather

---

[6]   Shushany cited various statements from the Allwaste 1989 Form 10-K; its first, second, and third quarter 1990 Forms 10-Q; and an October 30, 1990, press release by Nelson.

- 8 -

than, as required, writing off certain accounts receivable;

       (c) In the Spring of 1990, the Defendants' agents instructed Mr. Higginbotham to arbitrarily realize an additional $650,000 on one of Allwaste's largest asbestos contracts for the third quarter of 1990;

       (d) Defendants or Defendants' agents were instructing employees in other Allwaste divisions to make arbitrary increases to inflate income during at least the Spring of 1990; and

       (e) In the Spring of 1990, the Defendants or Defendants' agents, instructed their employees to conceal the securities fraud committed by Allwaste from the shareholders of Allwaste.

The complaint then cites particular statements from Allwaste's financial reports, and alleges variously that they were "materially false and misleading as such amounts were improperly inflated", were "made without a reasonable basis", and were "inaccurate" due to the fraudulent accounting procedures.

But, the complaint did not identify who in particular was instructing the employees to make the arbitrary accounting adjustments, what particular adjustments were made,[7] how those adjustments were improper in terms of reasonable accounting practices,[8] how those adjustments were incorporated into Allwaste's

---

[7]    *Cf*. **Decker v. Massey-Ferguson**, 681 F.2d 111, 117 (2d Cir. 1982) (allegations of two instances of a debt placement and a financing arranged in the "fall of 1977" were insufficient allegations of the time and place of the fraud); **Recchion v. Westinghouse Elec. Corp.**, 606 F. Supp. 889, 895 (W.D. Pa. 1985) (allegations that defendant misstated value of various facilities, which in turn affected defendant's financial statements, were insufficient in part because complaint failed to state which facilities were involved).

[8]    In fact, surprisingly, the consolidated complaint deleted the general references to generally accepted accounting principles

financial statements, and if incorporated, whether those adjustments were material in light of Allwaste's overall financial position.[9] Although we need not identify which of these

---

(GAAP) that had been in the prior complaints, replacing allegations that the defendants violated GAAP with allegations that the facts reported "were [not] in fact true" and were "inaccurately reported". *Cf. **Christidis v. First Pennsylvania Mortg. Trust***, 717 F.2d 96, 99 (3d Cir. 1983) (complaint insufficient in absence of allegation of manner in which defendant's accounting method departed from reasonable accounting practices and procedures); ***In Re Frank B. Hall & Co., Inc.***, 693 F. Supp. 1460, 1465-66 (S.D.N.Y. 1988) (allegation that accountant arbitrarily valued company $10 million under GAAP, with citation to specific accounting rules violated, was sufficient); ***Fox v. Equimark Corp.***, 782 F. Supp. 295, 301 (W.D. Pa. 1991) (allegations that defendant failed to increase loan loss reserves when substantial losses were virtually certain were insufficient, in part because complaint failed to specify manner in which reserves were improperly established).

[9] At oral argument in both the district court and our court, Shushany argued only that the adjustments must have been material, or Allwaste would not have made, and attempted to conceal, them. Obviously, any such inference does not satisfy Rule 9(b) particularity requirements. *Cf. **Decker v. Massey-Ferguson***, 681 F.2d at 116 (where complaint alleged failure to record value of certain assets but did not even approximate figures involved, it failed to demonstrate materiality in light of the overall figures of the company); ***Wool v. Tandem Computers, Inc.***, 818 F.2d 1433, 1440 (9th Cir. 1987) (complaint sufficient where each alleged misstatement was identified by content, date, and document or announcement, and complaint stated exact dollar amount of each alleged overstatement); ***In Re AM International, Inc., Securities Litigation***, 597 F. Supp. 1117, 1119 & n.3 (S.D.N.Y. 1984) (allegations that defendant placed intense pressure on accounting management to overstate income and assets and to withhold adverse accounting information "*prior* to 1980" in a "material amount not yet calculated, but in excess of $5 million" were insufficient with respect to the 1978 financial reports in part because no factual basis was provided for the $5 million figure); ***Recchion v. Westinghouse Elec. Corp.***, 606 F. Supp. 889, 895 (W.D. Pa. 1985) (allegations that defendant misstated production costs for various facilities, which in turn affected defendant's financial statements, were insufficient in part because complaint failed to state extent of the misstatements); ***In Re Wyse Technology Securities Litigation***, 1990 WL 169149 (N.D. Cal. 1990) (unpublished) (allegations that improper accounting procedures with respect to sales and income affected defendant's public financial statements insufficient where complaint failed to allege

deficiencies, standing alone, might render the complaint insufficient under Rule 9(b), we hold that altogether, they do.

Shushany contends that the facts sought lie particularly within Allwaste's knowledge, and therefore, he is excused from pleading them, citing, *inter alia*, ***Michaels Building Co. v. Ameritrust Co., N.A.***, 848 F.2d 674, 680 (6th Cir. 1988); ***Craftmatic Securities Litigation v. Kraftsow***, 890 F.2d 628, 645 (3d Cir. 1989); and ***Christidis v. First Pennsylvania Mortgage Trust***, 717 F.2d 96, 100 (3d Cir. 1983). Shushany demonstrated at the motion to dismiss hearing, however, that he had ample access to at least some of the information sought, through a "whistleblower" AAA employee, the earlier-referenced Don Higginbotham, who was assertedly represented by Shushany's counsel in a separate action against Allwaste.[10]

As noted, Shushany referred at the hearing to a second set of amended responses to interrogatories, which purportedly provided additional facts gleaned from Higginbotham's testimony in the other case. These included an alleged dispute between Nelson and a Mr. Stewart over the acquisition of American Environmental, the names of three individuals who allegedly directed the accounting fraud, and the date of one such incident. Shushany also represented that "the securities fraud was directed to be concealed by at least Wayne Rachlin[, who] directed Don Higginbotham and Olga Guerra to

---

approximate amount involved to establish materiality).

[10]    The attorneys made several references to the Higginbotham action in arguments to the district court, but no evidence of it appears in the record.

- 11 -

revise schedules to direct the auditors' attention from the arbitrary increases to income ... [and] required Mr. Higginbotham and Ms. Guerra to practice false responses to potential questions concerning the increases to income".  Shushany further represented to the district court that Higginbotham "will testify that ... he believes that the same activities were going on not just in Houston but also at the Argon Asbestos Abatement Division and also in Birmingham ...".  Shushany's counsel then stopped, stating, "I'm not going to bore the Court by going through all [the] responses".

Although, as also noted, much of this information was not contained in the amended responses, Shushany demonstrated a greater knowledge of the factual basis for the fraud claims than appears in the complaint, yet no effort was made to amend it to include these details, in spite of the district court's prior admonition and Allwaste's repeated Rule 9(b) objections.[11]  Allwaste responded in part to Shushany's argument by stating, "it's fine to say Mr. Higginbotham told us this and told us that.  In that case, then why don't they share that with us in an amended complaint that specifies what it is".  Indeed, as Allwaste states in its brief,

---

[11]    This notwithstanding, Shushany complains several times in his appellate briefs -- but does not raise as an issue -- that the district court dismissed without granting leave to amend. Additionally, in his reply brief, he states, "[t]o the extent that Plaintiffs have not so requested Plaintiffs request leave to amend to address any 9(b) complaint".  This untimely request is totally lacking in merit.

Furthermore, Shushany does not contend that the dismissal should have been without prejudice.  Thus, he has waived any error in that regard.

"[i]f there was a claim to be made, few 10b-5 plaintiffs have had more information with which to make it".[12]

We find the deficiencies in the complaint particularly troubling because the alleged fraudulent acts occurred at AAA, an Allwaste subsidiary.[13] Although it is foreseeable that misstatements in AAA's ledgers could *materially* skew the accuracy of Allwaste's financial reports, such an inference standing alone is obviously insufficient to support a securities fraud claim against Allwaste and Nelson. The complaint provides only conclusory allegations to support any connection between the alleged fraudulent accounting practices at AAA and Allwaste's financial reports, which do not satisfy the requirements of Rule 9(b).

In sum, Shushany failed to state his allegations regarding accounting fraud with sufficient particularity to comply with Rule 9(b). As stated, and because this court has recognized that the degree of particularity required differs with the facts of each

---

[12]    Shushany may have been under the impression that because the same counsel supposedly defended Allwaste in the Higginbotham action, Allwaste was presumed to have knowledge of Higginbotham's testimony. Our review, however, as well as the district court's, is limited to the record established in *this* case. Therefore, even if this case turned on Allwaste's actual knowledge, we could not take note of information not contained in the record.

[13]    Although Allwaste contends that Higginbotham's employer, AAA of Houston, was actually a subsidiary of AAA, which would further attenuate any link between the alleged accounting fraud and Allwaste's financial reports, we do not find that fact in the record, and Allwaste provides no record cite to it. *See* Fed. R. App. P. 28(a)(4) (the statement of the facts shall contain "appropriate references to the record").

case, *see **Guidry II***, 954 F.2d at 288, we base our holding on the entirety of the complaint rather than on any single defect.

B.

Shushany's allegations about Allwaste's misrepresentations concerning the demand and opportunity for growth in the asbestos abatement industry likewise lack sufficient particularity. Specifically, Shushany quoted the following statements from the various Allwaste financial reports listed *supra*, note 6:

> 1.  "Management of the Company believes that there is a substantial opportunity for growth in the asbestos abatement business due to the rapidly increasing demand for these services". (1989 Form 10-K).

> 2.  "Revenues increased at all of the Company's asbestos abatement operating locations". (First quarter 1990 Form 10-Q).

> 3.  "Demand for these [asbestos abatement] services has continued to increase as the Company has steadily expanded its work force between the periods, particularly in the Pacific Northwest and in Houston, Texas". (Second quarter 1990 Form 10-Q).

> 4.  "Demand for these [asbestos abatement] services has continued to increase, particularly in Houston, Texas and along the West Coast". (Third quarter 1990 Form 10-Q).

> 5.  "Our abatement backlog remains high [in spite of a decline in fourth quarter results]". (October 30, 1990, press release).

Shushany variously alleged that these representations were fraudulent because they were based on the alleged inaccurately reported financial figures.[14]

---

[14]    Shushany alleged that the various statements "were materially false and misleading as they included earnings and sales for the asbestos abatement business of Allwaste which were improperly

Statements that are predictive in nature are actionable only if they were false when made. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 203 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988). Furthermore, "projections of future performance not worded as guarantees are generally not actionable under the federal securities laws". *Krim*, slip op. at 4138. To the extent that the falsity of these statements depends upon Shushany's general allegations about the "worsening business environment for the asbestos abatement market", no facts were pleaded to support them. Nor does Shushany's comparison of Allwaste stock prices before and after the alleged events support an inference of fraud. As the Seventh Circuit has explained:

> At one time the firm bathes itself in a favorable light. Later the firm discloses that things are less rosy. The plaintiff contends that the difference must be attributable to fraud. "Must be" is the critical phrase, for the complaint offers no information other than the differences

---

inflated, and were made without a reasonable basis"; "were materially false and misleading because, Allwaste and defendant Nelson were aware or were reckless in knowing that due to decreased margins on sales and revenues, the asbestos abatement division was suffering financially"; "[were] false and misleading because Allwaste and defendant Nelson were aware that Allwaste was fraudulently instructing its employees to increase bad debt reserves, rather than as required writing off certain accounts receivable, and the financial figures it was reporting were, therefore, inaccurate"; "[were] false and materially misstated both the revenues for the Company and the prospects for future revenues in that Allwaste and Defendant Nelson were aware that Allwaste was improperly inflating its earnings and was experiencing significant objections from its employees regarding the manner in which Allwaste was recognizing income in its asbestos abatement division"; and "were false and misleading because Allwaste and Defendant Nelson were fraudulently instructing its employees to increase its bad debt reserve, rather than making required write offs, and to make arbitrary increases to inflate the income recognized by Allwaste".

> between the two statements of the firm's condition.... Investors must point to some facts suggesting that the difference is attributable to fraud.

*DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990).  As noted, the only allegations suggesting that the statements were false when made are those concerning the accounting fraud at AAA.  Because we have determined that the accounting fraud allegations were not pleaded with sufficient particularity, these allegations, which depend upon them, also must fail.

### C.

Finally, regarding the business ethics of Allwaste employees, Shushany cited the following statement from the annual report attached to Allwaste's 1989 Form 10-K:  "These men and women share the same fundamental principles upon which your company was founded -- integrity, hard work, business ethics and fervent commitment to the highest level of customer service".  Again, Shushany's characterization of this statement as fraudulent depends solely on the allegations regarding the "unscrupulous and unethical business practices by the Company", *i.e.*, the alleged accounting fraud.  For the reasons explained above, these allegations also fail to satisfy Rule 9(b).

### III.

Accordingly, the dismissal with prejudice for failure to comply with Rule 9(b) is

**AFFIRMED.**

- 16 -