UNITED STATES of America

v.

CRESCENT CITY, E.M.S., INC.
d/b/a Medic One, Inc., et al.

Civ. A. No. 91–4150.

United States District Court,
E.D. Louisiana.

Oct. 6, 1993.

---

Michael Hugh Piper, III, Metairie, LA, Louis Roy Koerner, Jr., New Orleans, LA, for Federal Recovery Services, Inc. and Michael Boatright.

Margaret Montgomery Groome, Asst. U.S. Atty., New Orleans, LA, Michael F. Hertz, Ronald H. Clark, Lucy Eldridge, U.S. Dept. of Justice, Civ. Div., Commercial Litigation, Washington, DC, for U.S.

Julian R. Murray, Jr., Metairie, LA, Stephen Martin Sullivan, New Orleans, LA, for Crescent City E.M.S., Inc., Medic One Inc., Martin Weitzner, Jerry Varanay, Katherine Weitzner.

CHARLES SCHWARTZ, Jr., District Judge.

Before the Court is defendant Crescent City, E.M.S., Inc's ("Crescent City's") Motion to Dismiss Count I and II of the Complaint in the above-captioned matter, for alleged failure to plead fraud with particularity pursuant to FRCP 9(b). For reasons hereinafter stated, the Court denies Crescent City's motion, and, in order at this time to avoid dismissal of Counts I and II, grants to plaintiff the right to amend its complaint to plead such fraud with particularity within 45 (forty-five) days.

This suit, originally filed under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 et seq., alleges Crescent City submitted false claims on behalf of medicare recipients, by improperly billing the United States for the cost of ambulance transportation. The United States asserts that Rule 9(b) does not apply to Count I, because no intent is required to prove this count, and intent is the distinguishing characteristic of a fraud claim.[1] Count II of the complaint alleges "common law fraud," to which Rule 9(b)'s particularity requirements unquestionably apply.

■ No precedent exists in the Fifth Circuit as to whether False Claims Act claims are fraud claims which must be plead with particularity pursuant to Rule 9(b). However, Count I alleges that defendants "knowingly presented or caused to be presented to the United States Government false or fraudulent claims for Medicare reimbursement...." While it may be possible, as plaintiff contends, to violate the False Claims Act without having committed fraud, the above allegation of the complaint appears to be an "averment of fraud or mistake," which Rule 9(b) requires to be plead with particularity.[2]

■ The law of this Circuit mandates that, "[a]t a minimum, Rule 9(b) requires [plaintiff to include in the complaint] allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993). The United States' complaint fails to satisfy these basic criteria. The United States lists 501 claims that were paid on behalf of eighteen named Medicare patients within a six-month period, and the total dollar amount of claims paid on behalf of each patient. *See* Exhibit A to the Complaint, Rec. Doc. 22. However, the government fails to allege the exact dates the alleged false claims were made, the identity of the person making the representation, or the place where the alleged fraud took place. It would be improper to require the defendants to pore over their records to determine this information so that they may respond, particularly if, as defendant alleges, plaintiff has this information within its possession.[3]

■ In particular, the complaint alleges that defendants Martin Weitzner and Jerry Varanay committed fraud but provides no facts to support these allegations. It alleges only that they "knew or should have known" that the eighteen named patients allegedly did not qualify for reimbursement from medicare for ambulance travel. The only allegation made with any "particularity" is that defendant Katherine Weitzner worked in Crescent City's billing office. Moreover, the government makes no attempt to tie any of the defendants to the allegedly false claims, nor does it include any factual basis for its conclusory allegations that the eighteen patients were not eligible for medicare when they received ambulance transportation from defendants.

■ Plaintiff contends that defendants already have sufficient information to answer the complaint, and as such, no further particularity should be required. It cites *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 749 F.Supp. 869, 872 (N.D.Ill.1990), for the proposition that where, as here, the defendants are corporate insiders, the complaint passes muster under 9(b) if it "sufficiently describes the fraudulent acts and provides the individuals with sufficient information to

1. The United States asserts that it can prevail on its False Claims Act claim by a showing of mere recklessness, and not intent.

2. Plaintiff's argument that FRCP 9(b) applies only to common law fraud and not "statutory" claims, is meritless. Were this the case, Rule 9(b) would not apply to claims under the Racketeer Influenced Corrupt Organizations Act (RICO), or to statutory wire fraud and mail fraud claims. It is beyond dispute that FRCP 9(b) does apply to these statutory claims.

3. Plaintiff alludes on page 10 of its Memorandum, to "Crescent City's own documentation, created contemporaneously with the actual ambulance transport, [that] reveal[s] that the patients were not bed confined or could be moved by means other than a stretcher." If these documents form the factual basis for the fraud allegations, the complaint should so state.

answer the allegations." *Id.* This Court is not bound by this decision and does not adopt it. A complaint pursuant to Rule 9(b) is not sufficient merely because it provides enough information to frame a responsive pleading. FRCP 9(b) places a greater pleading burden on the pleader so that defendants will not have to contest fraud allegations for which no factual basis is plead. While a defendant may know enough to deny the allegations, it should not have to do so if the allegations are baseless.[4] *See Shushany,* 992 F.2d at 521.

 Additionally, plaintiff cites *Vigilant Ins. Co. v. C. & F. Brokerage Services,* 751 F.Supp. 436, 437 (S.D.N.Y.1990), as excusing it from describing in its complaint what role, if any, each defendant played in the alleged fraud. Plaintiff asserts this information is solely within defendants' control. However, even as to matters "peculiarly within the opposing party's knowledge," *Vigilant* permits a plaintiff to plead fraud allegations collectively against all defendants only when it also accompanies the pleading with a statement of the facts giving rise to the fraud allegations. *Id.* at 438 (citing *Luce v. Edelstein,* 802 F.2d 49, 54 n. 1 (2nd Cir.1986)). Requiring plaintiff to allege such facts furthers important policies which underlie the requirements of Rule 9(b), i.e., protecting a defendant's reputation against unsubstantiated charges, providing fair notice of allegations, and preventing strike suits. *See Shushany,* 992 F.2d at 521.[5]

Finally, the government contends that FRCP 9(b) does not require it to give a detailed description of every alleged occurrence of fraud over the several year period involved in this case. With this the Court agrees. Plaintiff need not provide great detail for all of these transactions, an approach which plaintiff alleges would require it to attach a document the thickness of a "telephone directory" to the complaint. However, it must, with respect to the eighteen named patients, list the time, place, contents of the statement and identity of the party who made the alleged misrepresentation, *see Shushany,* 992 F.2d at 521, or list the factual basis supporting its belief that fraud occurred. Accordingly, and considering the foregoing,

IT IS ORDERED that the United States shall, within 45 (forty-five) days of the date of this minute entry order, amend Counts I and II of the complaint to plead with particularity the aforesaid fraud claims. In the absence of such amendment, Counts I and II of the complaint shall be dismissed.

---

**4.** The Court makes no determination as to merits of plaintiff's fraud claims, but holds only that plaintiff has failed to include a factual basis for its fraud claims in its complaint.

**5.** Additionally, plaintiff's own Memorandum recognizes that such a statement is necessary under the rule. *See* Plaintiff's Opposition, at 12–13.