Marvin NORWOOD and Carolyn Norwood, Plaintiffs,

v.

RAYTHEON COMPANY, Defendant.

Joachim–Christian Gummich, Plaintiff,

v.

Lucent Technologies, Inc., Defendant.

Erwin Bast et al., Plaintiffs,

v.

Raytheon Company et al., Defendants.

No. EP–04–CA–127–PRM.

United States District Court, W.D. Texas, El Paso Division.

Dec. 28, 2006.

Lyle W. Cook, William A. Kershaw, Kershaw, Cutter & Ratinoff, LLP, Sacramento, CA, for Plaintiffs.

Carole A. Cheney, Joel Blanchet, Kevin T. Van Wart, Michael Dierkes, Kirkland, Ellis, Chicago, IL, Mark N. Osborn, Shelly W. Rivas, Mitzi T. Shannon, Kemp, Smith, Duncan & Hammond, P.C., El Paso, TX, Charles F. Rysavy, J. Wylie Donald, McCarter & English, LLP, Newark, NJ, Heather Lamberg Kafele, Thomas S. Martin, Shearman & Sterling, Washington, DC, Joanna Shally, Shearman & Sterling, New York, NY, for Defendants.

## ORDER GRANTING DEFENDANT RAYTHEON COMPANY'S MOTION TO DISMISS ANY FRAUDULENT CONCEALMENT AND CIVIL CONSPIRACY CLAIMS IN NORWOOD v. RAYTHEON CO. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)

MARTINEZ, District Judge.

On this day, the Court considered: (1) Defendant Raytheon Company's ("Raytheon") "Motion to Dismiss any Fraudulent Concealment and Civil Conspiracy Claims in *Norwood v. Raytheon* Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)," filed on November 3, 2006; (2) Plaintiffs Marvin Norwood et al.'s "Opposition to Defendant Raytheon Company's Motion to Dismiss any Fraudulent Concealment and Civil Conspiracy Claims in *Norwood v. Raytheon* Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)," filed on November 15, 2006; and (3) all the pleadings incorporated or referenced in Raytheon's Motion and Plaintiffs' Opposition. After due consideration, the Court is of the opinion that Raytheon's Motion should be granted for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns allegations that injuries were caused by radars manufactured, designed, and marketed by Defendants. It is a consolidation, pursuant to an order issued by the Court on April 30, 2004, of a

case removed to the Western District of Texas and assigned to the Court (the "Texas case"), and cases filed in Massachusetts state court (the "Massachusetts case") and in New Jersey state court, which were removed to the respective federal district courts and then transferred to the Court.

In its Motion, Raytheon seeks dismissal of the fraudulent concealment and civil conspiracy claims in the complaint filed in the Massachusetts case (the "Norwood complaint"), in which Marvin and Carolyn Norwood are the sole remaining plaintiffs.[1] On April 5, 2004, the Court issued an order granting Defendants ITT and General Electric's motions for a more definite statement regarding Plaintiffs' conspiracy claims in the first amended petition filed in the Texas case; the Texas Plaintiffs filed a second amended petition (the "Bast petition") in response to that order. On September 19, 2006, the Court granted Defendants' motion to dismiss the fraudulent concealment and civil conspiracy claims in the Bast petition, and dismissed those claims with prejudice.

## II. LEGAL ANALYSIS

### A. Fraudulent Concealment Claims

■ Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED.R.CIV.P. 9(b). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). Raytheon argues that the Nor-

woods have failed to state a claim for fraudulent concealment with the specificity required by Rule 9(b), and that the Court should therefore dismiss the Norwoods' fraudulent concealment claims. Raytheon's Mot. to Dismiss ¶ 4. Plaintiffs respond that the Court should apply a relaxed particularity standard to the Norwoods' pleadings, because the required specific information is "exclusively in the control of Defendants." Pls.' Consol. Opp'n 31.

■ "Rule 9(b) requires the plaintiff to allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred or face dismissal of his claim." *Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir.1994) (alteration in original) (internal quotation omitted). Even under the relaxed standard which allows a plaintiff to assert a fraud claim on information and belief when "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge," "the complaint must set forth a factual basis for such belief." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir.2003). In the Norwood complaint, the Norwoods fail to set forth any facts that could give rise to an inference of fraudulent concealment. Norwoods' Am. Class Action Compl. ¶¶ 69–71; *see Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994) ("To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud. *See Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir.1992) ("The courts have uniformly held inadequate a complaint's general averment of the defendant's "knowledge" of material falsity, un-

---

**1.** Raytheon states that it is moving for dismissal of the fraudulent concealment and civil conspiracy claims in the Norwood complaint "out of an abundance of caution," as the Norwoods do not explicitly include such claims among their causes of action. Ray-

theon's Mot. to Dismiss 1. Because Plaintiffs oppose Raytheon's motion, rather than conceding that the Norwoods do not assert fraudulent concealment and civil conspiracy claims in their complaint, the Court will assume that the Norwood complaint includes such claims.

less the complaint *also* sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading.')"). Therefore, the Court finds that the Norwoods' fraudulent concealment claims against Raytheon fail to meet the particularity requirements of Rule 9(b).

In the factual allegations section of the Norwood complaint describing the alleged fraudulent concealment, the Norwoods claim that "Raytheon along with other manufacturers of Radar Devices conspired among themselves and other persons and entities unknown to Plaintiffs to intentionally suppress or conceal ... the nature and magnitude of the health risks associated with the operation and maintenance of their Radar Devices." Norwoods' Am. Class Action Compl. ¶ 69. In the Court's order issued April 5, 2004 in the Texas case and granting Defendants' motion for a more definite statement, the Court stated that fraud allegations in a conspiracy claim must be pled with particularity. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 380 (5th Cir.2004) ("Whether this general allegation of conspiracy survives will depend largely on whether the underlying allegations of false statements and false claims survive the specificity challenge under Rule 9(b)....."). Because the Court has found that the Norwoods have failed to plead the underlying fraudulent concealment claims with the required specificity, the Court finds that the Norwoods' civil conspiracy claim fails to meet the particularity requirements.

Raytheon asks that the Court dismiss the Norwoods' claims with prejudice, in order to be "[c]onsistent with its rulings in *Bast*." Raytheon's Mot. to Dismiss ¶ 4. However, when the Court dismissed the fraudulent concealment and civil conspiracy claims in the Bast petition with prejudice, the Texas Plaintiffs had already filed three complaints, one of which was filed after the Court provided specific instructions as to the pleading of the fraudulent concealment and civil conspiracy causes of action. While the Norwoods had notice of the Court's rulings in the Texas case, the Court believes the more prudent course of action is to dismiss the fraudulent concealment and civil conspiracy claims and grant the Norwoods leave to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir.2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless ... the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

## III. CONCLUSION

Based on the above analysis of facts and legal principles, the Court finds that Raytheon's Motion to Dismiss should be granted. However, the Court finds that the appropriate measure is to allow the Norwoods to file an amended complaint, should they believe that they can assert the fraudulent concealment and/or civil conspiracy claims with the requisite specificity.

Accordingly, **IT IS ORDERED** that Defendant Raytheon Company's "Motion to Dismiss any Fraudulent Concealment and Civil Conspiracy Claims in *Norwood v. Raytheon* Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)" (Docket No. 323) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Marvin and Carolyn Norwood's fraudulent concealment and civil conspiracy claims against Defendant Raytheon Company are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Plaintiffs Marvin and Carolyn Norwood are granted leave to amend their complaint, and that such amended complaint

must be filed on or before **January 26, 2007.**