MBIA INSURANCE CORPORATION and Wells Fargo Bank Minnesota, N.A. as Trustee of SFC Grantor Trust, Series 2000–1, SFC Grantor Trust, Series 2000–2, SFC Grantor Trust, Series 2000–3, SFC Grantor Trust, Series 2000–4, SFC Grantor Trust, Series 2001–1, SFC Grantor Trust, Series 2001–2, SFC Grantor Trust, Series 2001–3, and SFC Grantor Trust Series 2001–I, Plaintiffs,

v.

ROYAL INDEMNITY COMPANY, Defendant.

v.

PNC Bank, N.A., et al., Third–Party Defendants.

PNC Bank, N.A., in its capacity as Deal Agent and Collateral Agent for itself, PNC Bank, Delaware and Fleet National Bank, as Lenders, Counterclaim Plaintiff,

v.

Royal Indemnity Company, Counterclaim Defendant.

Wilmington Trust of Pennsylvania Plaintiff,

v.

Royal Indemnity Company, Defendant.

Nos. CIV.A.02–1294 JJF, 02–1361 JJF.

United States District Court, D. Delaware.

April 6, 2004.

David C. McBride, John W. Shaw, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, DE, Of Counsel: Ronald S. Rauchberg, Steven E. Obus, Proskauer Rose LLP, New

York City, for MBIA Insurance Corporation and Wells Fargo Bank Minnesota, N.A.

Linda Richenderfer, Chad J. Toms, Saul Ewing, LLP, Wilmington, DE, Of Counsel: Elizabeth U. Witmer, Saul Ewing, LLP, Wayne, PA, for SFC Financial I, LLC, Student Loan Servicing, LLC, SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VII, LLC, SFC Acceptance VIII, LLC, SFC Acceptance IX, LLC, SFC Financial I, LLC, and SFC Financial II, LLC.

Kevin R. Shannon, John M. Seaman, Potter, Anderson & Corroon, LLP, Wilmington, DE, Of Counsel: David H. Pittinsky, Lawrence D. Berger, Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, for PNC Bank, N.A.

Joseph H. Huston, Jr., Thomas G. Whalen, Jr., Stevens & Lee, P.C., Wilmington, DE, Of Counsel: Joseph W. Fullem, Joel Max Eads, Kittredge, Donley, Elson, Fullem & Embick, LLP, Philadelphia, PA, for Wilmington Trust of Pennsylvania.

Lawrence C. Ashby, Philip Trainer, Jr., Tiffany L. Geyer, Ashby & Geddes, Wilmington, DE, Of Counsel: Michael H. Barr, Kenneth J. Pfaehler, Sonnenschein, Nath & Rosenthal, New York City, for Royal Indemnity Company.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court are the Motions To Dismiss Royal Indemnity Company's Third–Party Claims For Lack Of Particularity Pursuant To Federal Rules Of Civil Procedure 9(b) And 12(b)(6) filed in *Wilmington Trust Co. of Pennsylvania v. Royal Indemnity Co.* (D.I. 46 in C.A. No. 02–1361 JJF), and *MBIA Insurance Corp., et al. v. Royal Indemnity Co.* (D.I. 97 in C.A. No. 02–1294 JJF.) For the reasons set forth below, the Court will deny the Motions.

---

**1.** Where appropriate, the Court will collectively refer to the group of Third–Party Defendants as

## BACKGROUND

In two related cases, *Wilmington Trust Company of Pennsylvania v. Royal Indemnity Co.*, C.A. No. 02–1361 JJF, and *MBIA Insurance Corp., et al. v. Royal Indemnity Co.*, C.A. No. 02–1294 JJF, the Defendant Royal Indemnity Co. ("Royal") filed Answers, which included Third–Party Claims (the "Third–Party Complaints"). The Third–Party Complaints allege that Third–Party Defendants SFC Financial I ("SFC I"), Student Finance Corporation ("SFC"), Student Loan Servicing, LLC ("SLS"), Student Marketing Services, LLC ("SMS"), Student Loan Servicing, LLC ("SLS") (collectively the "SFC Financial Entities"), SFC Acceptance II, LLC, SFC Acceptance III, LLC, SFC Acceptance IV, LLC, SFC Acceptance V, LLC, SFC Acceptance VI, LLC, SFC Acceptance VII, LLC, SFC Acceptance VIII, LLC, and SFC Acceptance IX, LLC (collectively the "SFC Acceptance Entities"),[1] committed various acts of fraud, misrepresentation, and breach of contract. By their Motions, the SFC Group of Entities move to dismiss Royal's Third–Party Complaints pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## STANDARDS OF REVIEW

### I. Rule 12(b)(6)

A motion to dismiss tests the legal sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. *Id.*

### II. Rule 9(b)

■ Rule 9(b) requires a party alleging fraud or mistake to plead with particularity

---

the "SFC Group of Entities."

the circumstances constituting his or her claims. Fed.R.Civ.P. 9(b). The intent behind Rule 9(b) is to give defendants notice of the claims against them and to reduce the number of frivolous actions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir.1997). Accordingly, Rule 9(b) does not require the "exhaustive cataloging of facts but only sufficient factual specificity to provide assurance that plaintiff has investigated ... the alleged fraud and reasonably believes that a wrong has occurred.'" *Levine v. Metal Recovery Tech., Inc.*, 182 F.R.D. 112, 116 (D.Del.1998)(quoting *In re ML–Lee Acquisition Fund II, L.P. and ML–Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.*, 848 F.Supp. 527, 555 (D.Del.1994)).

## DISCUSSION

### I. Parties' Contentions

The SFC Group of Entities contend that the Court should dismiss Royal's Third–Party Complaints for failure to plead with particularity, or, in the alternative, require Royal to file a more specific statement. The SFC Group of Entities contend that Royal's Third–Party Complaints assert only collective allegations, thus preventing each individual entity from determining which claims are alleged against them. The SFC Group of Entities contend that because the Third–Party Complaints do not distinguish between, or attribute certain acts of fraud or misrepresentation to, the individual entities, the Third–Party Complaints fail to satisfy Rule 9(b)'s particularity requirements.

Royal responds that the Third–Party Complaints extensively detail the fraudulent scheme perpetrated by Andrew Yao and his SFC Group of Entities. Royal contends that Mr. Yao is the President and Director of SFC I, is an officer and 70% owner of SLS, and either directly or indirectly owns and/or controls each corporate member of the SFC Group of Entities. Thus, Royal asserts that there is no real distinction among the SFC Group of Entities, and therefore, it was impossible for Royal to identify which misrepresentations by Mr. Yao were on behalf of each of the individual entities. Further, Royal contends that the agency relationship

between Mr. Yao and the SFC Group of Entities permits Royal to attribute allegations of fraud to the SFC Group of Entities as a whole. Royal also maintains that the information identifying which member of the SFC Group of Entities made certain misrepresentations is solely within the control of those companies. Thus, Royal contends that the Court should not hold its Third–Party Complaints to a stringent application of Rule 9(b).

### II. Decision

■ When alleging fraudulent behavior against a group of defendants, a plaintiff is required to separately plead the fraudulent acts of each defendant to satisfy Rule 9(b). *In re Home Health Corp. of Am., Inc. Sec. Litig.*, C.A. No. 98–834, 1999 WL 79057, *20 (E.D.Pa. Jan.29, 1999)(citing *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, No. 96–3231, 1998 WL 167330, at *11 (S.D.N.Y. April 8, 1998); *Rosenbaum & Co. v. H.J. Myers Co.*, No. 97–824, 1997 WL 689288, at *3 (E.D.Pa. Oct.9, 1997)). Collective allegations of fraud against a group of defendants generally do not satisfy Rule 9(b) because the Rule is intended to ensure that each defendant has adequate notice of the charges against it, thereby permitting each defendant to mount a defense and not just deny that they did anything wrong. *Brant v. CCG Fin. Corp.*, 693 F.Supp. 889, 895 (D.Or.1988)(citing *Semegen v. Weidner*, 780 F.2d 727, 734 (9th Cir.1985)). However, provided a plaintiff alleges sufficiently particularized allegations, there is no *per se* rule that group pleading cannot satisfy Rule 9(b). *In re Rent–Way Sec. Litig.*, 209 F.Supp.2d 493, 517–18 (W.D.Pa.2002) (citation omitted).

■ Applying the aforementioned principles to the facts alleged in the Third–Party Complaints, the Court concludes that, in the circumstances of this case, Royal has satisfied its obligation to plead with particularity. Royal alleges in the Third–Party Complaints that:

> Andrew N. Yao ("Yao") ... at all times pertinent to this action owned and controlled SFC. Yao at all times pertinent to this action was the 100% owner of [SFC]

and SMS. He was also at all times pertinent to this action the 70% direct owner of SLS and indirectly owned the remaining 30% through his ownership of [SFC]. He was at all times pertinent to this action an officer and director of, and controlled, all three entities. He was also at all times pertinent to this action the President and a director of [SFC I] and controlled that entity.

. . .

[SFC], SLS, SMS, and [SFC I] were at all times pertinent to this action under common control and are collectively referred to herein as "SFC."

(D.I. 47 in C.A. No. 02–1361, Ex. A at ¶¶ 11, 13.) Further, Royal alleges that "[Mr. Yao] was at all times pertinent to this action an officer and director of each of the SFC Acceptance Entities and each of the SFC Financial Entities[,]" and that those entities were "under common ownership and control." (D.I. 99 in C.A. No. 02–1294 JJF, Ex. A at ¶ 14, 25.)

In the Court's view, the above-quoted portions of the Third–Party Complaints justify a relaxation of Rule 9(b)'s particularity standards because, as " '[i]n the case of a small corporation, where the boundaries between the corporate entity and the individual director are often permeable, it cannot be said as a general rule that allegations sufficiently directed against the corporate entity, fail to detail, for purposes of Rule 9(b),' " the actions of closely related entities and their shared controlling officer. *Vigilant Ins. Co. v. C. & F. Brokerage Serv.*, 751 F.Supp. 436, 438 (S.D.N.Y.1990)(quoting *Currie v. Cayman Res. Corp.*, 595 F.Supp. 1364, 1372 (N.D.Ga.1984), *aff'd in part and rev'd in part*, 835 F.2d 780 (11th Cir.1988)). Because Mr. Yao is alleged to control or own each of the SFC Group of Entities, the Court is persuaded that it would be unfair to hold Royal to a requirement that it identify which of the SFC Group of Entities Mr. Yao was acting through when he, or the entities, made the various alleged fraudulent statements, misrepresentations, or concealments. If the Court held otherwise, the Court would be creating for sophisticated defrauders a method by which to conceal their fraudulent acts.

*See Shapiro v. UJB Fin., Corp.*, 964 F.2d 272, 284 (3d Cir.1992)(noting that "[d]espite the[ ] stringent requirements [of Rule 9(b),] courts should be 'sensitive' to the fact that application of the Rule prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.")(quoting *Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99–100 (3d Cir.1983)).

Next, and more importantly, the Court concludes that each Third–Party Defendant in the SFC Group of Entities has notice of the allegations against which they must defend, thus distinguishing the instant action from cases where courts are compelled to dismiss complaints because of vague attributions of fraudulent statements to "defendants." *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F.Supp.2d 494, 511 (D.N.J.2000)(citing *Saporito v. Combustion Eng'g, Inc.*, 843 F.2d 666 (3d Cir.1988), *vacated on other grounds, Combustion Eng'g, Inc. v. Saporito*, 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989)). The Third–Party Complaint details specific instances of fraud and misrepresentation (D.I. 47 in C.A. No. 02–1361, Ex. A at ¶¶ 18–26; D.I. 99 in C.A. No. 02–1294, Ex. A at ¶¶ 29–38), concealment (D.I. 47 in C.A. No. 02–1361, Ex. A at ¶¶ 30–39; D.I. 99 in C.A. No. 02–1294, Ex. A at ¶¶ 42–51, 59–74), and the dates of these wrongful acts (D.I. 47 in C.A. No. 02–1361 JJF, Ex. A at ¶¶ 18, 22, 42–43, 46, 54; D.I. 99 in C.A. No. 02–1294 JJF, Ex. A at ¶¶ 30, 34, 52, 62, 65, 69, 73) committed by Mr. Yao individually or through the SFC Group of Entities that he owned and/or controlled. Accordingly, as the purpose of Rule 9(b) is to give defendants notice of the claims against them, *Burlington*, 114 F.3d at 1418, the Court concludes that Royal's identification of specific instances of fraud, misrepresentation, and concealment, satisfy its burden of pleading under the Federal Rules.

## CONCLUSION

For the reasons discussed, the Court will deny the Motions To Dismiss Royal Indemnity Company's Third–Party Claims For Lack Of Particularity Pursuant To Federal Rules Of Civil Procedure 9(b) And 12(b)(6) filed in

*Wilmington Trust Company of Pennsylvania v. Royal Indemnity Co.* (D.I. 46 in C.A. No. 02–1361 JJF), and *MBIA Insurance Corp., et al. v. Royal Indemnity Co.* (D.I. 97 in C.A. No. 02–1294 JJF.)