**AMERICAN REALTY TRUST, INC. and AMERICAN REALTY INVESTORS, INC., Plaintiffs,**

v.

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and LOCKTON INSURANCE AGENCY OF DALLAS, INC., Defendants.**

No. CIV.A.3:04–CV–1602–N.

United States District Court,
N.D. Texas,
Dallas Division.

March 30, 2005.

John F. Redwine, Redwine Law Offices, Mitchell Madden, Law Offices of Mitchell Madden, Dallas, TX, for Plaintiffs.

Donald Frederick Campbell, Dallas, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER

GODBEY, District Judge.

■ Before the Court is Defendants' Motion to Dismiss, filed on July 30, 2004. That motion is granted. Plaintiffs concede that their claims for breach of fiduciary duty, Texas insurance code violation, and fraud do not satisfy the pleading requirements of the Federal Rules of Civil Procedure. The Court concludes that Plaintiffs' breach of contract and declaratory judgment claims are also subject to dismissal. Additionally, the parties raise a question of law concerning the applicability of Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement to negligent misrepresentation claims. The Court holds that under Fifth Circuit precedent, a negligent misrepresentation claim is not subject to the heightened pleading requirements of Rule 9(b) simply because it is based on operative facts that also form the basis of fraud claims. Nonetheless, Plaintiffs' negligent misrepresentation claim is dismissed, because it is intertwined with Plaintiffs' fraud claim in the Petition, such that the Court cannot describe a simple redaction that removes only the fraud claim.

### I. BACKGROUND

Plaintiff American Realty Investors, Inc. ("ARI") is the 100% parent corporation of Plaintiff American Realty Trust ("ART"). On September 16, 2002, the United States District Court for the Northern District of Texas, the Honorable A. Joe Fish presiding, entered a monetary judgment against

ART. *American Realty Trust, et al. v. Matisse Capital, et al.*, No. 3:00–cv–01801–G. In connection with an appeal of this judgment, ART obtained two supersedeas bonds—in the amounts of $6,030,036.28 and $1,395,000—from Defendant Travelers Casualty and Surety Company of America ("Travelers"). Plaintiffs allege that Defendant Lockton Companies, Inc. ("Lockton") acted as Traveler's agent in arranging for these bonds. Although the bonds were executed for the benefit of ART, Travelers required parent company ARI to execute the indemnity agreement and to provide collateral in the form of cash deposits with a third party in the amount of the bonds.

Plaintiffs maintain that the cash deposits were meant as a potentially temporary form of collateral. According to Plaintiffs' petition, Travelers and Lockton represented to Plaintiffs prior to and at the issuance of the bonds "that they would accept an irrevocable letter of credit issued by a mutually acceptable bank as a substitute collateral for the cash deposits" and that the cash deposits would be "promptly released" should Plaintiffs provide such a letter of credit. Plaintiffs further allege that after the parties had identified a mutually acceptable bank and arranged for the letter of credit, Travellers imposed a "last minute" condition on the release of the cash deposits. This condition—that Travelers would retain control over the cash deposits for 90 days to allow a preference period to expire for potential bankruptcy purposes—would have forced Plaintiffs to provide collateral for the letter of credit before receiving the cash deposits back. Plaintiffs claim that because they were unwilling to redundantly collateralize the supersedeas bonds, they were forced to locate a substitute bonding company. This they did, and in consequence they had to pay additional bond premiums.

Plaintiffs further allege that when they communicated to Travelers their intent to obtain a substitute bond, Travelers assured them that "Travelers could and would promptly consent to the return of the cash deposits." This assurance was allegedly repeated after Travelers obtained the substitute bond and a court order approving substitution. Plaintiffs allege, however, that Travelers then imposed another last minute condition on the release of the cash deposits, namely that Travelers would not release the cash deposits until an appeal period expired for the substitution order. Plaintiffs dispute the legal necessity of any such condition.

When Travelers eventually did release the cash deposits, Plaintiffs allege that Travelers illegitimately withheld some of the funds. According to the Petition, Travelers' grounds for doing so were to offset unrelated debts and possibly to cover attorneys fees related to disputes over the supersedeas bonds.

Plaintiffs originally filed suit in state court, alleging claims against Travelers for (1) fraud and negligent misrepresentation, (2) breach of fiduciary duty, (3) breach of contract, (4) declaratory judgment to the effect that Plaintiffs are entitled to a refund of their bond premiums and return of the cash deposits in their entirety, and (5) violation of TEX. INS. CODE ART. 21.21 § 2(a). Plaintiffs also sought contractual and statutorily authorized attorney's fees, as well as a declaratory judgment to the effect that Lockton acted as Travelers' agent in connection with the supersedeas bonds. Defendants removed to this Court and filed the present motion, which seeks dismissal of all claims.

## II. MOTION TO DISMISS STANDARD

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Courts must accept a plaintiff's factual allegations as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). However, dismissal is proper "if the complaint lacks an allegation regarding a required element necessary to obtain relief," *Apani Southwest, Inc. v. Coca–Cola Enterprises, Inc.,* 300 F.3d 620, 624 (5th Cir.2002) (citation omitted), or if it otherwise fails to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. 99.

### III. THE MOTION TO DISMISS IS GRANTED AS TO THE BREACH OF FIDUCIARY DUTY, INSURANCE CODE, AND FRAUD CLAIMS

█ Plaintiffs' Response indicates that "[a]fter reviewing Defendants' motion, support brief and authorities, Plaintiffs agree that there is not a cause of action for breach of fiduciary duty or for violation of the Insurance Code." The Court accepts this joint conclusion of the parties. Accordingly, the motion to dismiss is granted as to these two claims. Plaintiffs also agree that their fraud claim, originally drafted for state court, does not meet the stringent requirements of FED. R. CIV. P. 9(b).[1] Although Defendants argue the claim should be dismissed with prejudice because Plaintiffs did not satisfy Rule 9(b) in their Response, the Court is unaware of any such requirement. Accordingly, Plaintiffs' fraud claim is dismissed without prejudice and Plaintiffs are granted leave to amend.

### IV. PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM IS DISMISSED WITHOUT PREJUDICE

#### A. Applicable Fifth Circuit Standard

█ Defendants additionally argue that the heightened pleading requirements of Rule 9(b) apply to Plaintiffs' negligent misrepresentation claim, and that this claim as well fails to meet these requirements. Defendants acknowledge that negligent misrepresentation claims are generally not subject to Rule 9(b), but argue that they become subject to the Rule when based on misrepresentations that are also alleged to be fraudulent. This argument is based on the following passage from *Benchmark Electronics, Inc. v. J.M. Huber Corporation,* 343 F.3d 719 (5th Cir.), *modified on denial of rehearing,* 355 F.3d 356 (2003):

> Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir.1997). That is the case here, as Benchmark's fraud and negligent misrepresentation claims are based on the same set of alleged facts.

343 F.3d at 723. Defendants glean from this passage that "Rule 9(b) applies to negligent misrepresentation claims that are based on the same set of alleged facts as the plaintiffs' fraud claims." They note that Plaintiffs pled fraud and negligent misprepresentation as a single "Cause of

---

1. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In order to plead fraud with particularity in the Fifth Circuit, a plaintiff must specify the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby. *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.1997). Failure to comply with this requirement leads to dismissal for failure to state a claim upon which relief can be granted. *See Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir.1996).

Action" arising out of a single series of events, and therefore propose that Defendants must specify the who, what, when, where and how of their negligent misrepresentation claim.

Defendants are not alone in advocating this view of the law. Similarly situated defendants routinely argue to this Court that Rule 9(b) applies to negligent misrepresentation and other causes of action that share some but not all elements of fraud. There is some authority on their side. *E.g. Frith v. Guardian Life Insurance Co.*, 9 F.Supp.2d 734, 742 (S.D.Tex.1998) ("Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."). Moreover, the language of *Benchmark Electronics* is amenable to Defendants' interpretation. An unpublished decision of the Northern District of Texas recently summarized *Benchmark Electronics* and *Williams* as holding that Rule 9(b) applies "when the claim for negligent misrepresentation arises from the same set of operative facts as a corresponding claim of fraud." *Daldav Associates v. Lebor*, 2004 WL 728367 (N.D.Tex.2004).

■ Based on a review of relevant precedents, however, the Court concludes that Defendants do not correctly state Fifth Circuit law on the applicability of Rule 9(b) to negligent misrepresentation claims. Such claims do not become subject to heightened pleading simply because they are based on the same set of operative facts as corresponding fraud claims. Rather, Rule 9(b) operates to require dismissal of a negligent misrepresentation claim only when (1) a plaintiff waives arguments to the contrary or (2) the inadequate fraud claim is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple re-

daction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim.

As an initial matter, the text of Rule 9(b) precludes any interpretation that would require a plaintiff to plead negligent misrepresentation, per se, in conformity with the heightened requirements. Rule 9(b)'s heightened pleading standard applies only to "the circumstances constituting fraud and mistake," and the Supreme Court has explicitly applied the canon "expressio unius est exclusio ·alterius" to this two-element list. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168–69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). This means that Rule 9(b) has no application to circumstances that do not constitute fraud or mistake, such as nonfraudulent misrepresentation. *Accord Benchmark Electronics*, 343 F.3d at 723 ("Rule 9(b) by its terms does not apply to negligent misrepresentation claims.").

Nonetheless, many complaints state the elements of nonfraud claims such as negligent misrepresentation by reference to factual allegations—or "averments"—that also form the basis of fraud claims. Inasmuch as Rule 9(b) mandates dismissal of fraud claims when such averments are insufficiently particular, one can make a colorable claim that the Rule operates indirectly to also require dismissal of nonfraud claims that are based upon the same inadequate averments.

Contrary to Defendants' suggestion, the question whether such an indirect dismissal is appropriate in the present case is not answered by *Benchmark Electronics*, *Williams*, or their predecessor *Shushany v. Allwaste, Inc.*, 992 F.2d 517 (5th Cir. 1993), because these cases rest on a theory of waiver. In *Shushany*, the court re-

viewed a Rule 9(b) dismissal of common law fraud, securities fraud, and negligent misrepresentation claims that "relied on the same allegations." The court concluded that any argument regarding the applicability of Rule 9(b) was waived under FED. R. APP. P. 28(a)(5). *See id.* at 521 n. 5 ("because Shushany does not contest in his appellate brief the district court's dismissal of his negligent misrepresentation claim, we do not address it"). A nearly identical situation presented itself in *Williams.* Citing *Shushany,* the *Williams* court upheld a Rule 9(b) dismissal of a negligent misrepresentation claim because (1) it relied upon the same misrepresentations as federal fraud claims and (2) "the parties ha[d] not urged a separate focus." *See* 112 F.3d at 177. *Benchmark Electronics* adds nothing to the holdings of *Williams* and *Shushany* regarding the circumstances under which a negligent misrepresentation claim can be dismissed as a result of Rule 9(b). The court in *Benchmark Electronics* relied entirely on *Williams* for determining the scope of Rule 9(b). *See* 343 F.3d at 723. Moreover, *Benchmark Electronics'* conclusion regarding the scope of Rule 9(b) was not essential to the holding, because the court held that Benchmark Electronics' complaint was specific enough to satisfy Rule 9(b). *See id.* at 724. A recent unpublished decision of the Fifth Circuit confirms that *Shushany, Williams,* and *Benchmark Electronics* rest on a theory of waiver, and that negligent misrepresentation claims do not become subject to Rule 9(b) simply because they are based on the same operative facts as fraud claims. *See American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.,* 115 Fed.Appx. 662, 669, 2004 WL 2297150, at *4 n. 30 (5th Cir.2004).

It is unclear to the Court whether the *Shushany–Williams'* waiver principle is relevant at the district court level, because it ultimately rests on a federal rule of appellate procedure. *See Shushany,* 992 F.2d at 521 n. 5. In any case, the present Plaintiffs *do* urge a separate focus on negligent misrepresentation. They concede that their fraud claims are inadequately pled, but seek to avoid the burden of repleading related negligent misrepresentation claims as well. No Fifth Circuit case articulates the circumstances under which such a negligent misrepresentation claim should be dismissed. In an analogous context, however, the Fifth Circuit has articulated relevant principles.

In *Melder v. Morris,* 27 F.3d 1097, 1100 n. 6 (5th Cir.1994), the court held that claims under the Securities Act of 1933 are subject to Rule 9(b) when they are "grounded in fraud rather than negligence." As with negligent misrepresentation, fraud is not an element of such claims. The court nonetheless affirmed dismissal of 1933 Act claims pursuant to Rule 9(b), noting the complaint's "wholesale adoption" of fraud allegations as the basis for the 1933 Act claims. *Melder* confirms that Rule 9(b) sometimes operates to require dismissal of a claim for which fraud is not an element, but that a plaintiff has chosen to base upon averments of fraud.

Subsequently in *Lone Star Ladies Investment Club v. Schlotzsky's Inc.,* 238 F.3d 363 (5th Cir.2001), the court articulated the mechanism by which Rule 9(b) can operate to require dismissal of a claim for which fraud is not an element. The district court had dismissed plaintiffs' securities fraud claims under the Securities Exchange Act of 1934. As in *Melder,* it had also dismissed 1933 Act claims on the grounds that they had the same factual basis as the inadequately pled fraud allegations. *See id.* at 367. Plaintiffs sought leave to amend the complaint, removing the fraud count and explicitly stating that the 1933 Act claim was based on nonfraud-

ulent misrepresentations. The district court denied leave to amend. On appeal, defendants argued that the 1933 Act claims continued to rest on averments that had already been determined to constitute insufficiently particular averments of fraud, and therefore that denial of leave to amend was appropriate because of futility. *Id.* at 368. The court held, however, that the complaint stated a valid claim under the 1933 Act after inadequate allegations of fraud had been disregarded. It explained:

> Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated. There is a qualification. The district court need not rewrite such a deficient complaint. It may dismiss, without prejudice, placing that responsibility upon counsel.

238 F.3d at 368. The court concluded that "[t]he proposed amended complaint left no room for misunderstanding" by disclaiming allegations of fraud, even though it rested on averments formerly alleged as the basis of fraud claims, and therefore that it stated a valid claim. *Id.* at 369.

*Lone Star Ladies* clarifies the mechanism by which Rule 9(b) operates. It applies not to claims per se, but to "averments" of fraud. If such an averment is inadequate, then the court disregards it when determining whether a claim is stated. In other words, the inadequate averment is "stripped from the claim." [2] When fraud is an element of the claim, inadequate averments necessarily result in dismissal. When fraud is not an element, as in the case of negligent misrepresentation, the inquiry is more complicated. One must first disregard inadequate averments of fraud. At that point, Rule 9(b) is no longer relevant. The remaining question is whether a negligent misrepresentation claim is stated under the standard notice pleading principles applicable to such claims.

■ A final question is exactly how much to "disregard" or "strip from the claim" in response to inadequate allegations of fraud. This Court does not consider it necessary to remove all factual components of a fraud allegation. The holding of *Lone Star Ladies* indicates that factual circumstances do not become tainted when used as the basis of insufficiently particular fraud allegations. Inadequate fraud allegations constitute "mere surplusage" to a claim for which fraud is not an element, *NationsMart,* 130 F.3d at 315, so the Court, if possible, should disregard averments of fraud by disregarding those aspects of them that go beyond what is necessary to state the remaining claims. [3]

■ Accordingly, in determining whether a negligent misrepresentation claim is subject to dismissal along with an impermissibly general fraud claim, the question is whether the Court can accomplish with a dismissal order what the plaintiffs in *Lone*

---

2. *In re NationsMart Corp. Securities Litigation,* 130 F.3d 309, 315 (8th Cir.1997); *see also Vess v. Ciba–Geigy Corp.,* 317 F.3d 1097, 1105 (9th Cir.2003) ("If particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim.") (citing *Lone Star Ladies* and *NationsMart* ).

3. This approach is consistent with the spirit of Rule 8(e)(2), which provides that "[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."

*Star Ladies* accomplished by their amendment: stripping all allegations of fraud from the complaint, while leaving intact a nonfraud claim that gives adequate notice to the defendant of the allegations against it. If it is possible for the Court to describe a simple redaction that removes allegations of fraud from the complaint, but leaves the plaintiff's valid and intelligible negligent misrepresentation claim intact, then the negligent misrepresentation claim is not subject to dismissal.[4]

■ Conversely, when it would be necessary to engage in line-by-line redaction in order to excise inadequate averments of fraud from accompanying claims of negligent misrepresentation, several factors counsel in favor of dismissal. First, a defective complaint modified by a vague or complex order of dismissal is unlikely to provide the defendant with a "simple, concise, and direct" statement of allegations it faces, as required by the Federal Rules. *See* FED. R. CIV. P. 8(e)(1); 8(a). Second, if it is unclear which allegations pertain to the fraud claim as opposed to the negligent misrepresentation claim, the court risks interpreting the complaint in a manner inconsistent with the intent of the plaintiff. Finally, a court that endeavors to separate intertwined fraud and negligence claims takes upon itself a burden that is better placed upon the party responsible for the defective pleading. Rather than "sift

through allegations of fraud in search of some lesser included claim," or "rewrite ... a deficient complaint," the court should dismiss without prejudice[5] and "plac[e] that responsibility upon counsel." *Lone Star Ladies*, 238 F.3d at 368.

### B. Dismissal is Appropriate

■ The Court has determined that Rule 9(b) operates to require dismissal of a negligent misrepresentation claim only when (1) a plaintiff waives arguments to the contrary or (2) the inadequate fraud claim is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim. Because Plaintiffs argue that their negligent misrepresentation claim should survive dismissal of their fraud claim, only the second scenario is presently at issue.

Upon review of Plaintiffs' Original Petition, the Court concludes that the negligent misrepresentation claim is subject to dismissal. The petition combines allegations of fraud and negligence into a single "First Cause of Action" (and indeed into the same two paragraphs) and alleges reckless misrepresentation without specifically indicating which claim(s) this allegation is intended to support. It is not possible for the Court to strip away inadequate

---

4. For example, where a complaint's fact section describes the circumstances of a misrepresentation, count 1 of the complaint articulates additional facts stating a fraud claim, and count 2 articulates additional facts stating a negligent misrepresentation claim, the court can dismiss the fraud claim by dismissing count 1 only. The residual text of the complaint will state a negligent misrepresentation claim, and it will be a simple matter for the defendant to understand the nature of the allegations. *Cf. Tigue Investment Co. v. Chase Bank of Texas, N.A.*, 2004 WL 3170789 at *3 (N.D.Tex.2004) (Godbey, J.) (holding, under comparable circumstances, that negligent

misrepresentation claims were not subject to dismissal).

5. Additionally, *Lone Star Ladies* leaves open the possibility of dismissal with prejudice. *See* 238 F.3d at 368–69 ("If [the court dismisses], it should *ordinarily* accept a proffered amendment that either pleads with the requisite particularity or drops the defective allegations and still states a claim") (emphasis added). However, such a dismissal must be justified by reference to established grounds such as futility or prejudice to the defendants. *See id.* at 368.

allegations of fraud without "rewrit[ing] ... [the] deficient complaint," *Lone Star Ladies,* 238 F.3d at 368, and speculating as to Plaintiffs' intent. Accordingly, the negligent misrepresentation claim is dismissed without prejudice and leave is granted to amend.

### V. PLAINTIFFS' CONTRACT AND DECLARATORY JUDGMENT CLAIMS ARE ARE DISMISSED WITHOUT PREJUDICE

Defendants argue that Plaintiffs' claim for breach of contract is subject to dismissal because it fails under the terms of the parties' Collateralized Bond Surety Program Registered Pledge and Master Security Agreement (the "Security Agreement"), which Defendants allege governs the transactions in dispute. Plaintiffs neither attached this document to the petition nor referenced it. Plaintiffs respond that their contract claims are in fact based on oral agreements. Defendants reply that the petition gives no such notice.

In order to state a claim for breach of contract, a petition must allege the existence of a contract, plaintiff's compliance with its terms, breach, and damages. *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE [hereinafter WRIGHT & MILLER] § 1235. Rule 8(a) does not require a Plaintiff to plead these elements in detail, *see, e.g., Arthur H. Richland Co. v. Harper,* 302 F.2d 324 (5th Cir.1962), and the official Forms to the Rules of Civil Procedure demonstrate that a valid contract complaint can be very brief. *See* FED. R. CIV. P. OFFICIAL FORMS 3, 4, 5, 12. Nonetheless, the complaint must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant no-

tice of the nature of the claim. For example, a claim on a written contract must either (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect. *See* WRIGHT & MILLER § 1235, at 393; FED. R. CIV. P. OFFICIAL FORM 3. Plaintiffs offer no reason why a plaintiff alleging an oral contract should be excused from providing a corresponding level of detail.

Plaintiffs argue that their petition has "given notice that they allege that Travelers breached its oral agreements to promptly return the cash deposit collateral when provided an irrevocable letter of credit issued by a mutually acceptable bank, and also breached its subsequent agreement to promptly return the cash deposits once the Plaintiffs obtained a substitute bond and Travelers bonds were released." In fact, the petition alleges only that Defendants made representations to this effect, not that these representations amounted to contractual obligations independent from or complementary to the Security Agreement. Although it is a close question, the Court concludes that Plaintiffs' petition does not give adequate notice as to the nature and scope of the breach of contract claim. Accordingly, that claim is dismissed without prejudice, and Plaintiffs may amend to correct the deficiency.[6] *Cf. Beanal v. Freeport–McMoran, Inc.* 197 F.3d 161, 164 (5th Cir.1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).") (citation omitted).

---

**6.** The Court does not address Defendants' argument that the terms of the Security Agreement preclude Plaintiffs' contract claims, because it is not clear from the present petition whether Plaintiffs rely on the Security Agreement as a basis for their claims. If they do not, the Security Agreement is a "matter[] outside the pleading," and is not relevant to a motion to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b).

Two of Plaintiffs' declaratory judgment claims—for judgment that Plaintiffs are entitled to a refund of bond premiums and the immediate return of cash deposits—appear to be closely related to the contract claims. Indeed, the Court is at a loss to discern the alleged legal basis for declaratory judgment in the absence of a valid contract. Accordingly, these declaratory judgment claims are also dismissed without prejudice.

With regard to the remaining declaratory judgment claim, which concerns Lockton's status as Travelers' agent, Defendants argue that "the Complaint fails to allege that there is a real and a justiciable controversy regarding Lockton's status as agent." Plaintiffs offer no response. The Court can consider Lockton's purported status as agent if it becomes relevant and disputed. This claim for declaratory judgment is dismissed without prejudice.

## VI. CONCLUSION

The motion to dismiss is granted. Plaintiffs' claims for breach of fiduciary duty, insurance code violation, fraud, negligent misrepresentation, breach of contract, and declaratory judgment are dismissed without prejudice. Additionally, the Court grants Plaintiffs leave to amend with respect to the fraud, negligent misrepresentation, breach of contract, and declaratory judgment claims, to the extent necessary to remedy deficiencies identified herein.